UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------x

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>vs.<br><br>ARMEN KAZARIAN,<br>a/k/a "Pzo," a/k/a "Qerop," *et al.*,<br>Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>: | Case No. 10-CR-895-PGG-1 |

----------------------------------------x

MEMORANDUM IN SUPPORT OF ARMEN KAZARIAN'S MOTION TO DISCLOSE INFORMANT INFORMATION

By: Mark J. Geragos,
CA SBN 108325
644 South Figueroa Street
Los Angeles, California 90017
Tel: (213) 625-3900
Attorney for Defendant
Armen Kazarian

To: Preet Bharara, ESQ.
United States Attorney
Southern District of New York
One St. Andrew's Plaza
New York, New York 10007
Attn: Arlo Devlin Brown / Jennifer Burns
Assistant United States Attorneys

**MEMORANDUM OF POINTS & AUTHORITIES**

**I.**

**STATEMENT OF RELEVANT FACTS**

Despite numerous requests from this Court, the Government has not disclosed any evidence that connects Armen Kazarian to the alleged Medicare fraud scheme at issue in the instant case. To date the Government's evidence consists of a Rolls Royce that was never owned by Mr. Kazarian, unsubstantiated allegations about Mr. Kazarian's trips to Las Vegas, and little else. Indeed, not even the Goverment's hours of wiretapped telephone conversations remotely connect Mr. Kazarian to any criminal conduct involving Medicare.

The Indictment charges Mr. Kazarian as being a member of the so-called "Mirzoyan-Terdjanian Organization," a criminal organization whose members and associates allegedly engaged in crimes including a scheme to defraud Medicare of more than $100 million, a scheme to defraud automobile insurance companies, bank fraud, identity theft, money laundering, credit card fraud, narcotics distribution, contraband cigarette distribution, immigration fraud, extortion, and other offenses. Mr. Kazarian is only charged in two of the seven counts, namely in the Racketeering Conspiracy (Count 1) and the Health Care Fraud Conspiracy (Count 2). In light of the fact that the Government has charged Mr. Kazarian with these serious offenses yet has presented no evidence connecting Mr. Kazarian to the crimes, one can only conclude the Government has received information from anonymous informants.

**II.**

**THIS COURT HAS THE DISCRETION TO ORDER THE GOVERNMENT TO DISCLOSE INFORMANT INFORMATION.**

The Government's privilege to withhold the identity of an informant is not absolute but is subject to several limitations. *See Roviaro v. United States*, 353 U.S. 53, 59 (1957). In *Roviaro v.United States*, the United States Supreme

Court applied limitations to the government's privilege by stating, "where the disclosure of an informer's identity, or of ***the contents of his communication, is relevant and helpful to the defense of an accused***, or is essential to a fair determination of a cause, the privilege must give way." *Roviaro, supra,* 353 U.S. at 60-61 (emphasis added); *see also United States v. Dewar*, 489 F.Supp.2d 351, 357 (S.D.N.Y. 2007). Further, "[t]he scope of the privilege is limited by its underlying purpose. Thus, where the disclosure of a communication will not tend to reveal the identity of the informer, ***the contents are not privileged***." *Roviaro, supra,* 353 U.S. at 60 (emphasis added). Accordingly, the informer's privilege usually applies to the identity of the informer, not the contents of the communication. *See generally id.* at 59.

The court also has the discretion to order disclosure of informant identification.[1] *Id.* at 61. In determining whether to apply its discretion to order informant identification, the trial court should balance the public interest in protecting the free flow of information against the defendant's right to prepare his defense. *Id.* at 62.

> Whether a proper balance renders nondisclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors. *Id.*

If balancing favors the defendant, then the defendant is entitled to disclosure of the Government informant's identity. *United States v. Jackson*, 345 F.3d 59, 70 (2d Cir. 2003).

The Second Circuit has held that disclosure is required where "the informant is a key witness or participant in the crime charged, someone whose testimony would be significant in determining guilt or innocence." *United*

---

[1] Where the trial court orders disclosure, and the Government continues to withhold the information , then it may be grounds for the trial court to dismiss the action. *Roviaro, supra,* 353 U.S. at 61

*States v. Russotti*, 746 F.2d 945, 950 (2d Cir. 1984).

In *Devose v. Norris* 53 F.3d 201, 206 (8th Cir. 1995), the Eighth Circuit affirmed, holding that "where the witness is an active participant or witness to the offense charged, disclosure will almost always be material to the accused's defense." Additionally, where the informant is shown to be a material witness, then regardless of whether the Government plans to use the informant as a witness or not, it "owes a duty to make every reasonable effort to have the informant made available to the defendant to interview or use as a witness, if desired. *United States v. Barnes*, 486 F.2d 776, 779-80 (8th Cir. 1973).

The crux of the case at hand involves allegations of Medicare fraud amounting in damages of over $100 million. However, a review of the discovery material indicates no evidence linking Mr. Kazarian to Medicare fraud as charged in the Indictment. This Court recognized the insufficiency of the evidence during Mr. Kazarian's detention hearing. For instance, this Court stated "so I think to proceed on the notion that there has been any evidence here that this defendant was involved in the Medicare fraud I just think is misguided because I haven't seen any." RT[2] at 9. Additionally, this Court found that "given the evidence that the Government has proffered to date, I cannot conclude that Kazarian, if convicted, would be liable for the Medicare fraud." RT at 23.

Being that there has yet to be any discovery corroborating the Government's allegations of Medicare fraud by Mr. Kazarian, the allegations are likely supported by uncorroborated statements of informant witnesses. The Government's failure to produce such evidence, despite numerous requests and opportunities to do so, logically leads to such a conclusion.

At trial, Government informant witnesses may testify that Mr. Kazarian

---

[2] "RT" refers to the Reporter's Transcript of the proceedings held on December 23, 2010.

was somehow involved in the alleged scheme and/or claim that Mr. Kazarian engaged in acts of extortion. Accordingly, the informants will be key to the Government's case against Mr. Kazarian.

Accordingly, the disclosure of the existence of any informants, the number of informants and the contents of the informants' communications are essential to the preparation of the defense. Although Mr. Kazarian is not seeking the identity of the Government's informants in this instant motion, Mr. Kazarian reserves the right to file a later motion seeking disclosure of the identity of said informants.

Further, given that the Government has produced no other evidence, despite the Court's repeated requests, connecting Mr. Kazarian to the instant charges, Mr. Kazarian would be highly prejudiced if the informant information is not disclosed. Without the informant information, Mr. Kazarian cannot adequately prepare for this case or develop attacks to impeach the Government's witnesses.

The policy for the informer's privilege is to encourage the public to communicate their knowledge regarding crimes by preserving their anonymity. *See Roviaro, supra*, 353 U.S. at 59. But the concerns for implementing the informer's privilege are not at issue in the instant motion, as Mr. Kazarian merely seeks the contents of the informant's communications, not the informant's identities. Accordingly, since this information will be helpful to Mr. Kazarian's defense and have little, if any, impact on the Government's case, the informant information must be disclosed. *See Roviaro, supra,* 353 U.S. at 60-61; *see also Dewar, supra,* 489 F.Supp.2d at 357.

## III.

## THE GOVERNMENT HAS A DUTY TO DISCLOSE MATERIAL EVIDENCE TO THE DEFENDANT.

In *Brady v. Maryland,* 373 U.S. 83, 87 (1963), the United States Supreme Court held that "...the suppression by the prosecution of evidence favorable to

an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." The Government's obligation to disclose material evidence applies both to evidence that would be exculpatory to the defendant or that would help the defendant impeach a Government witness. *United States v. Orena*, 145 F.3d 551, 557 (2d Cir. 1998).

In *United States v. Jackson* 345 F.3d 59 (2d Cir. 2003), the Second Circuit held that the rule in *Brady* is applicable to out-of-court declarants: "*...Brady* and its progeny may require disclosure of exculpatory and/or impeachment materials whether those materials concern a testifying witness or a hearsay declarant. A contrary conclusion would permit the government to avoid disclosure of exculpatory or impeachment material simply by not calling the relevant witness to testify." *United States v. Jackson*, 345 F.3d 59, 71 (2d Cir. 2003).

As noted above, the Government has not produced a slither of evidence that connects Mr. Kazarian to the serious charges at issue in this case. The Court is aware of the deficiency of the Government's evidence as currently presented and has made numerous requests for the Government to produce additional evidence. The Government has failed to comply with these requests. The only logical explanation is that any evidence the Government has was provided by informants. Disclosure of informant information is required "whenever the reports of what informants said comprised the essence or core or main bulk of the case..." *See United States v. Tucker*, 248 F.Supp.911, 915 (S.D.N.Y. 1965). Since no other evidence has been presented, these informant communications must be "the essence or core or main bulk" of the Government's case against Mr. Kazarian. *See id.* As such, the Government's informant information must be disclosed.

## IV.

## CONCLUSION

Accordingly, Mr. Kazarian respectfully requests this Court order that the Government disclose: (1) whether there are informants; (2) the number of informants; and (3) the contents of the informants' communications with the Government. Mr. Kazarian reserves the right to file a later motion requesting the disclosure of the informants' identities.

Dated: April 21, 2011

Respectfully submitted,

GERAGOS & GERAGOS, APC

By: /s/
MARK J. GERAGOS
Attorneys for Defendant
Armen Kazarian