UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA,

- v. -

10 Cr. 895 (PGG)

ARMEN KAZARIAN,
a/k/a "Pzo,"
a/k/a "Qerop,"
DAVIT MIRZOYAN,
ROBERT TERDJANIAN,
a/k/a "Robik,"
a/k/a "Oleg Kamarine,"
a/k/a "Robert Vovk,"
ALEKSANDR AVETISYAN,
a/k/a "Vladimir Arushunyan,"
HERAYER BAGHOUMIAN,
a/k/a "Vazken,"
POGOS SATAMYAN,
ARTUR YEPISKOPOSYAN,
a/k/a "Butania,"
VAGAN STEPANIAN,
VARUJAN AMROYAN,
a/k/a "Varush,"
JACOB POGOSIAN,
KAREN SIMONIAN,
VARTAN BOYZADZHYAN,
a/k/a "Levon Papikan,"
a/k/a "Ararat Bedrousian,"
ARTUR MANASARIAN,
GOURGEN MIRIMANIAN,
a/k/a "Edo,"
MANUK MURADAKHANYAN,
a/k/a "Manch,"
LIANA SOGHOYAN,
TIKRAN TAKVORYAN,
GAYANE KHATCHATURYAN,
GAGIK KYURKCHYAN,
ANNA ZAICHIK,
ARON CHERVIN,
KAREN AHARONIAN,
ARMEN GRIGORIAN,
KAREN MARKOSIAN,
ANNA TERMARTIROSYAN,
MICHAEL DOBRUSHIN
SAMVEL HAKOPYAN, and
RAFIK TERDJANIAN,

Defendants.

- - - - - - - - - - - - - - - - - x

# MEMORANDUM OF LAW OF THE UNITED STATES OF AMERICA IN OPPOSITION TO ARMEN KAZARIAN'S MOTION TO DISCLOSE CONFIDENTIAL INFORMANT INFORMATION

PREET BHARARA
United States Attorney
Southern District of New York
One St. Andrew's Plaza
New York, New York 10007

JENNIFER E. BURNS
ARLO DEVLIN-BROWN
Assistant United States Attorneys
-Of Counsel-

TABLE OF CONTENTS

Preliminary Statement . . . . . . . . . . . . . . . . . . . . . . . 1

Background . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Discussion . . . . . . . . . . . . . . . . . . . . . . . . . . 3

A. The Defendant Is Not Entitled to Disclosure of the Statements of Government Witnesses . . . . . . . 3

1. Kazarian Has Not Met the Burden Required to Command Disclosure . . . . . . . . . . . . 6

2. Disclosure Would Jeopardize the Safety of Witnesses . . . . . . . . . . . . . . . . . 7

3. Disclosure, at a Later Date, If and When Required, Would in No Way Prejudice Kazarian . . . . . . . . . . . . . . . . . .7

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . 12

TABLE OF AUTHORITIES


Brady v. Maryland, 373 U.S. 83 (1963) . . . . . . . . . . . . 11

Giglio v. United States, 405 U.S. 150 (1972). . . . . . . . . . . 7

In re United States, 834 F.2d 283, 287 (2d Cir. 1987). . . . . 9

Rovario v. United States, 353 U.S. 53, 59 (1957). . . . . . . . 4

United States v. Ahmad, 992 F. Supp. 682 (S.D.N.Y. 1998) . 4, 10

United States v. Biaggi, 675 F. Supp. 790 (S.D.N.Y. 1987) . . .11

United States v. Cannone, 528 F.2d 296, 301-02 (2d Cir. 1975). 10

United States v. Castro, No. 08 Cr. 268 (NRB), 2008 WL 5062724, at *2 (S.D.N.Y. Nov. 25, 2008) . . . . . . . . . . . . . . . . . .6

United States v. Feola, 651 F. Supp. 1068, 1132 (S.D.N.Y. 1987).6

United States v. Gallo, No. 98 Cr. 338 (JGK), 1999 WL 9848, at *8 (S.D.N.Y. Jan. 11, 1999). . . . . . . . . . . . . . . . . . . 8, 11

United States v. Gammarano, CR-06-0072 (CPS), 2007 WL 2077735, at *11 (E.D.N.Y. July 18, 2007) . . . . . . . . . . . . . . . . . 5

United States v. Gotti, 02 CR 743 (RCC), 2004 WL 32858, at *9 (S.D.N.Y. Jan. 6, 2004) . . . . . . . . . . . . . . . . . . . . 4

United States v. Gutierrez-Flores, No. 94 Cr. 393 (CSH), 1994 WL 558034, at *3 (S.D.N.Y. Oct. 11, 1994) . . . . . . . . . . . 8

United States v. Jimenez, 789 F.2d 167, 170 (2d Cir. 1986). . . 4

United States v. Love, 859 F. Supp. 725, 738 (S.D.N.Y. 1994) . .6

United States ex rel. Lucas v. Regan, 503 F.2d 1 (2d Cir. 1974) 9

United States v. Martinez, 634 F. Supp. 1144 (S.D.N.Y. 1986) . 5

United States v. Mejia, No. 98 Cr. 4 (JGK), 1998 WL 456257, at *1 (S.D.N.Y. Aug. 5, 1998) . . . . . . . . . . . . . . . . . . . . 8

United States v. Mitlof, 165 F. Supp. 2d 558 (S.D.N.Y. 2001) . 6

United States v. Nixon, 418 U.S. 683, 701 (1974). . . . . . . . 8

United States v. Perez, 940 F. Supp. 540 (S.D.N.Y. 1996) . . . 12

United States v. Ruiz, 702 F. Supp. 1066 (S.D.N.Y. 1989). . . 11

United States v. Saa, 859 F.2d 1067, 1073-75 (2d Cir. 1998) . . 4

United States v. Sindone, 01 CR. 517 MBM, 2002 WL 48604, at *1 (S.D.N.Y. Jan. 14, 2002) . . . . . . . . . . . . . . . . . . . . 5

United States v. Yu, No. 97 CR 102 (SJ), 1998 WL 57079, at *4-*5 (E.D.N.Y. Feb. 5, 1998) . . . . . . . . . . . . . . . . . . . . 11

## PRELIMINARY STATEMENT

The Government respectfully submits this memorandum of law in response to the motion of defendant Armen Kazarian[1] "Kazarian" or "the defendant") seeking an order directing the Government to disclose: (1) whether there are confidential informants; (2) the number of such informants; and (3) the contents of the informants' communications with the Government. For the reasons set forth below, Kazarian's request should be denied.

As an initial matter, the present motion goes well beyond counsel's stated purpose of the motion. At the conference before this Court on March 25, 2011, Kazarian's counsel claimed that disclosure of confidential source information was essential to mounting a later challenge to the Government's Title III wiretaps. See 3/25/11 Tr. at 12-16. In the filed motion, however, Kazarian makes no argument - let alone showing - that the informant information he seeks relates in any way to a contemplated motion to suppress intercepted communications. Rather, the motion seeks broadly disclosure of confidential informant information as it relates to Kazarian, and, more specifically, how that information connects Kazarian to the charged Medicare fraud scheme. Also as an initial matter, while

[1] Several defendants filed motions to join in this motion. However, as the motion relates only to the evidence against defendant Kazarian, that joinder has been rendered moot.

Kazarian's motion refers to confidential informants, the Government is treating the request more broadly as seeking information related to Government witnesses including confidential sources, cooperating witnesses and lay witnesses. Because, and as Kazarian is aware, the affidavits filed in support of the wiretaps stated that the investigation did not rely on the use of confidential informants, Kazarian's request amounts to a request for disclosure of statements made by any Government witnesses. The defendant has failed to meet his burden of demonstrating that he is entitled to such information.

**BACKGROUND**

In 2009 the Federal Bureau of Investigation ("FBI") and the Inspector General for the Department of Health and Human Services ("HHS") began an investigation of a group of Russian-Americans and Armenian-Americans located in New York City and Los Angeles that were coordinating a wide range of criminal activity. The investigation relied on information from a variety of sources including but not limited to cooperating witnesses, victims, the federal Medicare program, banks, and ultimately many months of wiretaps on the telephones of several individuals charged in the instant indictment. Much of that evidence has been set forth in the wiretap and search warrant affidavits, which have been produced to the defendants.

On September 30, 2010, a grand jury returned an

indictment against 28 defendants, titled United States v. Kazarian et al., 10 Cr. 895, charging conspiracies to commit Racketeering (Count One), Health Care Fraud (Count Two), Bank Fraud (Count Three), Money Laundering (Count Four), Identity Theft (Count Five), Credit Card Fraud (Count Six), and Immigration Fraud (Count Seven). Kazarian is charged in Counts One and Two. The indictment was unsealed on October 13, 2010.

Discovery, which consists of wiretap affidavits and interceptions, bank records and surveillance tapes, email search warrant affidavits and results, and the results of various residential and business location premises, among other items, has been produced on an ongoing basis to the defendants since in or about November 2010.

## DISCUSSION

### A. The Defendant Is Not Entitled to Disclosure of the Statements of Government Witnesses.

The defendant's mere speculation that the disclosure of confidential source information would be helpful to his case falls far short of the required showing necessary to justify setting aside the "informer's privilege," pursuant to which the Government may refuse to turn over the identity of any of its informants. While Kazarian contends that he is not seeking the identity of any informant, in essence his request does so. The substance of the communications made by any confidential sources to the Government has the potential to reveal the identity of

such informants. Moreover, Kazarian's request is truly a request for a preview of the Government's testimony to which he is not entitled at this juncture. As set forth below, Kazarian's request is both premature and could jeopardize the safety of Government witnesses. Accordingly, this Court should deny the defendant's request for disclosure.

A defendant is not entitled to the disclosure of an informant's identity as a matter of course. Rovario v. United States, 353 U.S. 53, 59 (1957) (the "informer's privilege is in reality the Government's privilege to withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with the enforcement of that law." ) (internal citations omitted). The informer's privilege can be set aside only when the defendant meets the "heavy burden of showing that the disclosure is essential to the defense." United States v. Jimenez, 789 F.2d 167, 170 (2d Cir. 1986) (emphasis added) (internal quotations and citations omitted). To obtain confidential informant information, the defendant must establish that the information sought is "material to the defense," not merely that it is "helpful" but that it "would be of significance with respect to the ultimate question of guilt or innocence." See United States v. Ahmad, 992 F. Supp. 682, 685 (S.D.N.Y. 1998) (citing United States v. Saa, 859 F.2d 1067, 1073-75 (2d Cir. 1998). For example, it is not sufficient to merely show that the

informant was a participant in the offense. See id. Speculation that the confidential informant would be helpful to the defense is similarly insufficient to overcome the public interest in protecting the secrecy of confidential informants. See United States v. Martinez, 634 F. Supp. 1144, 1150 (S.D.N.Y. 1986).

In addition, concern about the safety of witnesses and possible attempts to obstruct justice should be taken into account here. See United States v. Gotti, 02 CR 743 (RCC), 2004 WL 32858, at *9 (S.D.N.Y. Jan. 6, 2004) ("The Government has a legitimate concern about the safety of those individuals it intends to call at trial, a factor that this Court takes into consideration."); United States v. Sindone, 01 CR. 517 MBM, 2002 WL 48604, at *1 (S.D.N.Y. Jan. 14, 2002) ("The stakes in a criminal case are high, and temptations of perjury, subornation and intimidation are ever present. Accordingly, the government is not required to turn over information that will permit a defendant to preview the government's case and tempt him ... to see to it that the government's proof is not presented."); United States v. Gammarano, CR-06-0072 (CPS), 2007 WL 2077735, at *11 (E.D.N.Y. July 18, 2007) (same).

In general, the Government cannot be compelled to provide a preview of its evidence by being ordered to disclose such things as the manner in which it will attempt to prove the charges, the precise manner in which the defendant committed the

crimes charged, or the Government's legal theories that it intends to present at trial. See United States v. Mitlof, 165 F. Supp. 2d 558, 569 (S.D.N.Y. 2001) (collecting cases); see also United States v. Castro, No. 08 Cr. 268 (NRB), 2008 WL 5062724, at *2 (S.D.N.Y. Nov. 25, 2008) ("An indictment need not identify all alleged co-conspirators, nor specify the nature, time and place of every overt act the defendant or others allegedly took in furtherance of a conspiracy, nor must it set forth all the evidence the government intends to introduce."). That requested information would be "useful to the defendant is not enough; if the defendant has been given adequate notice of the charges against him, the Government need not be required to disclose additional details about its case." United States v. Feola, 651 F. Supp. 1068, 1132 (S.D.N.Y. 1987). Thus the ultimate test must be "whether the information sought is necessary, not whether it is helpful." See United States v. Love, 859 F. Supp. 725, 738 (S.D.N.Y. 1994).

### 1. Kazarian Has Not Met the Burden Required to Command Disclosure

Kazarian's motion is entirely based on speculation. Kazarian's sole argument for the immediate disclosure of informant information is that because, in Kazarian's view, evidence linking him to the charged Medicare fraud scheme "must" come from informants (or, conversely, that informants would

exonerate him) and learning the substance of what these informants would say would be valuable to him. But to claim that obtaining such informant statements would be valuable does not rise to the level of demonstrating a compelling need for disclosure.

2. Disclosure Would Jeopardize the Safety of Witnesses

While Kazarian's motion focuses on the Medicare fraud scheme, extortion - an inherently violent crime - is charged as part of the RICO conspiracy. Kazarian specifically has been charged with participating in at least one extortion of a co-defendant, the details of which were set forth during Kazarian's bail hearings and in the wiretap affidavits filed in support of intercepting Kazarian's phone. In addition, the evidence in this case will include witness testimony regarding extortion by Kazarian as well as intercepted calls in which Kazarian relays threats and orders associates to deliver beatings and seize property. Thus, there is a safety risk in disclosing any Government witness information at this stage.

3. Disclosure at a Later Date, If and When Required, Would in No Way Prejudices Kazarian

To the extent that the Government would call informants to testify about Kazarian's role in the scheme at trial, prior statements made by these informants - as well as any impeachment material relating to them required under Giglio v. United States, 405 U.S. 150 (1972) - would be produced sufficiently in advance

of trial for Kazarian to prepare to cross-examine these witnesses. As the Second Circuit has explained, Giglio material must be provided by the Government "in time for its effective use at trial." In re United States (U.S. v. Coppa), 267 F.3d 132, 146 (2d Cir. 2001).

The courts in this Circuit have repeatedly refused to compel disclosure of impeachment or Giglio material well in advance of trial, and the defendant has provided no particularized basis for early disclosure here. See United States v. Nixon, 418 U.S. 683, 701 (1974) ("need for evidence to impeach witnesses is insufficient to require its production in advance of trial"); United States v. Gallo, No. 98 Cr. 338 (JGK), 1999 WL 9848, at *7-8 (S.D.N.Y. Jan. 11, 1999) (denying defendants' motions to require the early production of Giglio and 3500 material); United States v. Mejia, No. 98 Cr. 4 (JGK), 1998 WL 456257, at *1 (S.D.N.Y. Aug. 5, 1998); United States v. Gutierrez-Flores, No. 94 Cr. 393 (CSH), 1994 WL 558034, at *3 (S.D.N.Y. Oct. 11, 1994).

Kazarian offers no argument as to why he must be informed now of what any Government witnesses would say about his role in the offense. The defendant has not met his burden of showing that without disclosure he will be deprived of a fair trial. Indeed, we are at the initial stage of what is likely to be a multiple, staggered filing of pretrial motions; any such

claim relating to inability to prepare for trial is premature. As a result, Kazarian's request should be denied.

At bottom, the defendant's request boils down to a request for lengthy advance disclosure of prior statements of the Government's witnesses. There is similarly no basis for the defendant's request. The law is clear that the Government is under no obligation under the Jencks Act, 18 U.S.C. § 3500 et seq., to produce prior statements of its witnesses until after each has testified on direct examination. The Jencks Act provides in pertinent part:

> In any criminal prosecution brought by the United States, no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case.

18 U.S.C. § 3500. Courts in this Circuit have consistently held that the district court lacks the power to mandate early production of Jencks material. See, e.g., United States ex rel. Lucas v. Regan, 503 F.2d 1, 3 n.1 (2d Cir. 1974); In re United States, 834 F.2d 283, 287 (2d Cir. 1987).

The defendant has not made any showing of particularized need why an earlier disclosure of any testifying confidential informant's testimony is both material to the preparation of a defense and reasonable in light of the

circumstances surrounding this case, such that the Government should be required to disclose its witnesses any earlier. See Ahmad, 992 F. Supp. at 685; see also United States v. Cannone, 528 F.2d 296, 301-02 (2d Cir. 1975) (finding that a mere "abstract conclusory claim" that early disclosure of witness list is necessary to the "proper preparation for trial" is insufficient to warrant order granting requested relief).

However, to avoid any adjournment or delay in the trial which might conceivably occur if Jencks and Giglio material were not produced until after the Government's witnesses have testified, the Government intends to adhere to the customary practices of this Office and produce 3500 material and any Giglio material no later than the Thursday before the week in which the corresponding witness will testify.[2] In the event that this material proves unusually voluminous or complex (a determination that the Government cannot make at present as it has not yet determined which witnesses it will call at trial), such that additional time is reasonably required to review such material, the Government will produce that material sufficiently in advance of the witness's testimony so as to avoid any delay at trial. Courts in this District have routinely held that providing this

[2] The one exception to this practice is the testimony of any civilian witnesses as to whom there may be a legitimate safety concern. If there are any such witnesses, we will so inform the Court in advance.

information as little as one day in advance of a witness's testimony is sufficient to avoid unnecessary delay. See, e.g., United States v. Ruiz, 702 F. Supp. 1066, 1069-70 (S.D.N.Y. 1989) (approving Government agreement to provide impeachment material along with 3500 material on day before witness testifies), aff'd, 894 F.2d 501 (2d Cir. 1990); United States v. Biaggi, 675 F. Supp. 790, 812 (S.D.N.Y. 1987) (same).

Finally, Kazarian's suggestion that the motion to disclose certain information about informants must be granted to insure the informants have not provided Brady information should also be denied. The Government is aware of its obligations under Brady v. Maryland, 373 U.S. 83 (1963) and will comply with them. Courts in this Circuit routinely deny specific requests for Brady material where, as here, the Government has made a good-faith representation to the court and defense counsel that it recognizes and has complied with its disclosure obligations under Brady. See, e.g., Gallo, 1999 WL 9848, at *8 (denying defendant's motion to compel production of Brady material based on Government's representations that "it is aware of its obligations under Brady . . . and will produce any Brady material to the defense well before trial"); United States v. Yu, No. 97 CR 102 (SJ), 1998 WL 57079, at *4-*5 (E.D.N.Y. Feb. 5, 1998) (denying defense request that Government provide early disclosure of Brady material because Government acknowledged its continuing

obligation to provide exculpatory material upon its discovery and assured that it would comply with that obligation); United States v. Perez, 940 F. Supp. 540, 553 (S.D.N.Y. 1996) (same).

As stated in the Government's discovery letters, the Government is not aware of any Brady material related to Kazarian in this case. The Government does, however, recognize its continuing obligation to disclose all such material, and will provide timely disclosure when and if any such material comes to light.

**Conclusion**

For the reasons set forth above, the Government respectfully request that the Court deny the defendant's motion.

Dated: New York, New York
May 5, 2011

Respectfully submitted,

PREET BHARARA

United States Attorney
Southern District of New York

By: __________/s/________________

Jennifer E. Burns
Arlo Devlin-Brown
Assistant U.S. Attorneys
(212) 637-2315/2506

## Certificate of Service Filed Electronically

The undersigned attorney, duly admitted to practice before this Court, hereby certifies that on the below date, she served or caused to be served the following document in the manner indicated:

**MEMORANDUM OF LAW OF THE UNITED STATES OF AMERICA IN OPPOSITION TO ARMEN KAZARIAN'S MOTION TO DISCLOSE CONFIDENTIAL INFORMANT INFORMATION**

Service via Clerk's Notice of Electronic Filing upon the following attorneys, who are Filing Users in this case:

Mark Geragos, Esq.

Dated: New York, New York
May 5, 2011

Respectfully Submitted,

/s/
Jennifer E. Burns
Assistant U.S. Attorney