USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ____________
DATE FILED: 5/27/11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

-against-

ARMEN KAZARIAN et al.,

Defendants.

**ORDER**

10 Cr. 895 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

Defendants Armen Kazarian, Vagan Stepanian, and Aleksandr Avetisyan have filed motions seeking orders suppressing their post-arrest statements. (See Dkt. No. 216, 220, 231) Kazarian and Stepanian's motions will be denied, because their submissions are not sufficient to create an issue of material fact as to the voluntariness of their post-arrest statements. Accordingly, no evidentiary hearing is warranted.

As to Avetisyan, the Government has represented that he made no post-arrest statements. (See May 26, 2011 Govt. Opp. to Avetisyan Mot. 1-2, Dkt. No. 239) Avetisyan's motion will therefore be denied as moot.

**DISCUSSION**

The Government has proffered evidence – including signed waivers from both Kazarian and Stepanian in their native languages – indicating that they were advised of their Fifth Amendment rights in Armenian and Russian, respectively, that they waived their rights,

and that both men then made post-arrest statements.[1] (May 5, 2011 Govt. Opp. to Kazarian Mot., Ex. A, Dkt. No. 229; May 5, 2011 Govt. Opp. to Stepanian Mot., Ex. A, Dkt. No. 226)

Kazarian asserts in a brief submitted by counsel that "Kazarian's difficulty reading, lack of education, and failure to understand the nature of his rights render his Miranda waiver invalid." (Apr. 21, 2011 Kazarian Br. 3, Dkt. No. 221) Similarly, Stepanian's counsel has submitted a motion asserting that "Mr. Stepanian's intimidated state, his difficulties with English and the federal agents' failure to clearly and unequivocally communicate his rights in Russian inhibited Mr. Stepanian's judgment and prevented him from making a knowing, intelligent, and voluntary decision to waive his Fifth Amendment privilege against self-incrimination." (Apr. 21, 2011 Stepanian Mot. ¶ 5, Dkt. No. 216) Neither defendant has submitted an affidavit in support of his motion, however.

"A defendant [making a motion to suppress] does not have a right to a suppression hearing under all circumstances; instead, the defendant must show 'that disputed issues of material fact exist before an evidentiary hearing is required.'" United States v. Viscioso, 711 F. Supp. 740, 745 (S.D.N.Y. 1989) (quoting United States v. Castellano, 610 F. Supp. 1359, 1439 (S.D.N.Y. 1985)). To meet that burden, "a defendant must first 'state sufficient facts which, if proven, would [require] the granting of the relief requested.'" United States v. DeJesus, No. 06 CR. 1107(JFK), 2007 WL 430555, at *1 (S.D.N.Y. Feb. 7, 2007) (alterations in original) (quoting United States v. Kornblau, 586 F. Supp. 614, 621 (S.D.N.Y. 1984)) (citing United States v. Mathurin, 148 F.3d 68, 69 (2d Cir. 1998); United States v. Ortiz,

[1] As to Kazarian, the Government alleges that he was advised of his rights in Armenian, that he verbally waived his rights, and that after the conclusion of the one-hour interview he signed a written waiver. (May 5, 2011 Govt. Opp. to Kazarian Br. 3-4, Dkt. No. 228) As to Stepanian, the Government alleges that he was advised of his rights in Russian, that Stepanian signed a Russian-language waiver form, and that he then answered agents' questions. (May 5, 2011 Govt. Opp. to Stepanian Br. 3, Dkt. No. 226)

99 Cr. 532, 1999 WL 1095592, at *1 (S.D.N.Y. 1999)). "In the absence of such an affidavit, an evidentiary hearing is unnecessary." United States v. Shamsideen, 03 CR.1313 (SCR), 2004 WL 1179305, at *9 (S.D.N.Y. Mar. 31, 2004) (citing United States v. Viscioso, 711 F. Supp. 740 (S.D.N.Y. 1989)); see also United States v. Stone, 510 F. Supp. 2d 338, 343 n.22 (S.D.N.Y. 2007) ("A defendant in a criminal case, in order to warrant an evidentiary hearing on a preliminary motion, is obliged to carry the burden of going forward by submitting competent evidence to substantiate the facts relied upon. Such evidence typically is introduced through a sworn affidavit submitted by the defendant or by a person with personal knowledge of the facts raised in the motion." (citing United States v. Gillette, 383 F.2d 843, 848 (2d Cir. 1967) ("The affidavit submitted for appellant is insufficient in that it does not, for example, allege personal knowledge on the part of appellant's attorney; accordingly, there was no factual issue to be resolved and the denial of a hearing was correct.")); United States v. Ahmad, 992 F. Supp. 682, 685 (S.D.N.Y. 1998) (denying motion to suppress custodial statements without a hearing where motion was "supported only by the affidavit of counsel"); United States v. Stein, No. S1 05 Cr. 888 (LAK), 2006 WL 3164781, at *1 (S.D.N.Y. Oct. 31, 2006) ("'A party seeking to raise a factual issue to be determined at a hearing must submit admissible evidence which, if credited, would make out a prima facie case on the issue. This in turn requires that the issue ordinarily be raised by an affidavit of a person with personal knowledge of the facts.'" (quoting United States v. Stein, 440 F. Supp. 2d 315, 327 (S.D.N.Y. 2006) (citations omitted)).

Statements in a defense attorney's affidavit, or factual assertions made in a brief, are not sufficient to create a material issue of fact justifying an evidentiary hearing on a motion to suppress a post-arrest statement. See Gillette, 383 F.2d at 848; United States v. Wilson, 493 F. Supp. 2d 364, 381 (E.D.N.Y. 2006) (denying an evidentiary hearing where "Defendant's

conclusion [in his brief] is hardly a 'logical reading' of the events, [and Defendant] has not provided an affidavit of someone with personal knowledge of the underlying facts to justify a hearing."); Ahmad, 992 F. Supp. at 685 (holding that defense attorney's affidavit was insufficient to warrant an evidentiary hearing because the attorney lacked personal knowledge of the events); United States v. Caruso, 684 F. Supp. 84, 87 (S.D.N.Y. 1988) (same); United States v. Martinez, 634 F. Supp. 1144, 1147 (S.D.N.Y. 1986) (same).

## CONCLUSION

For the reasons stated above, Defendant Kazarian and Stepanian's motions for an order suppressing their post-arrest statements (Dkt. Nos. 216, 220) are denied.[2] Defendant Avetisyan's motion to suppress (Dkt. No. 231) is denied as moot.

Dated: New York, New York
May 27, 2011

SO ORDERED.

Paul G. Gardephe
United States District Judge

[2] This determination is without prejudice to these defendants' right to renew their motion in the event that a motion to suppress the wiretap evidence is granted. See generally Wong Sun v. United States, 371 U.S. 471 (1963).